UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILLIAM JENNINGS          :      CIVIL NO.: 3:13CV1664
                            :
VS.                          :
                            :
TOWN OF STRATFORD      :      NOVEMBER 12, 2013

## C O M P L A I N T

COUNT ONE

    1.  This is an action for  brought by a citizen and resident of the State of Arizona against a citizen and resident of the State of Connecticut.  The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

    2.  Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

    3.  This action alleges violation by the defendant of rights secured to the plaintiff pursuant to the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*

    4.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a complaint with the Connecticut

Commission on Human Rights and Opportunities on November 14, 2011, and having received a Release of Jurisdiction dated October 25, 2013.

5.  The plaintiff is an adult citizen of the United States who resides in Mesa, Arizona.

6.  The defendant is a Connecticut municipality which, among other things, operates the Stratford Police Department.

7.  At all times relevant to this action, the plaintiff was employed by the defendant as a police officer.

8.  The plaintiff became a Stratford police officer on November 3, 1987, and was employed there continuously until leaving the department after filing his aforesaid complaint of unlawful employment discrimination.

9.  At all times pertinent hereto, the plaintiff was over 40 years of age and was one of the oldest members of the Stratford Police Department.

10.  At the time of the events hereinafter described, the plaintiff held the rank of Detective and had been assigned to the DEA drug task force for nine (9) years.

11.  In or about September 2011, the plaintiff was removed from his position at a detective assigned to the DEA drug task force, and as a result sustained economic loss and loss of prestige.

12.  The defendant, through its designated representatives and highest

2

policy-setting officials, publicly announced contemporaneously with its aforesaid actions against the plaintiff that elimination of older employees who receive large benefit packages was a priority in addressing municipal budget concerns.

13.  In the manner described above, the defendant discriminated against the plaintiff on the basis of his age in violation of the Connecticut Fair Employment Practices Act.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, attorney fees and costs.


COUNT TWO

1.  This is an action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.  The defendant discriminated against the plaintiff in employment on the basis of his age.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 of the United States Code.

3.  During all times mentioned in this action, the plaintiff was an adult citizen of the United States residing in the State of Connecticut.

4.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned.

5.  The plaintiff retired subsequent to the events alleged hereinafter and now resides in Mesa, Arizona.

6.  The defendant is a Connecticut municipality which, among other things, operates the Stratford Police Department.

7.  At all times relevant to this action, the plaintiff was employed by the defendant as a police officer.

8.  The plaintiff became a Stratford police officer on November 3, 1987, and was employed there continuously until leaving the department after filing his aforesaid complaint of unlawful employment discrimination.

9.  At all times pertinent hereto, the plaintiff was over 40 years of age and was one of the oldest members of the Stratford Police Department.

10.  At the time of the events hereinafter described, the plaintiff held the rank of Detective and had been assigned to the DEA drug task force for nine (9) years.

11.  In or about September 2011, the plaintiff was removed from his position at a detective assigned to the DEA drug task force, and as a result sustained economic loss and loss of prestige.

12.  The defendant, through its designated representatives and highest policy-setting officials, publicly announced contemporaneously with its aforesaid actions against the plaintiff that elimination of older employees who receive large

4

benefit packages was a priority in addressing municipal budget concerns.

13.  In the manner described above, the defendant discriminated against the plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, attorney fees and costs.


COUNT THREE

1.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.  The defendant, acting through its highest policy-setting officials for the matters in question, retaliated against the plaintiff for having exercised rights protected by the First Amendment to the United States Constitution and by Article First, Sections Three, Four and Fourteen, of the Connecticut Constitution, which is invoked pursuant to this court's supplementary jurisdiction and because of diversity of citizenship.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1332, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.  The amount at issue, exclusive of interest and costs, is greater than $75,000.

5

3.  The plaintiff retired subsequent to the events alleged hereinafter and now resides in Mesa, Arizona.

4.  The defendant is a Connecticut municipality which, among other things, operates the Stratford Police Department.  At all times herein mentioned it acted under color of law and through its highest policy-setting officials for the matters in question.

5.  At all times relevant to this action, the plaintiff was employed by the defendant as a police officer.

6.  The plaintiff became a Stratford police officer on November 3, 1987, and was employed there continuously until retiring from the department after the events described hereinafter.

7.  In 2010 and 2011, the Stratford Police Department employed a Police Captain named Joseph McNeil. McNeil also was president of the police union.

8.  McNeil was arrested and charged with crimes relating to the unlawful release of confidential police information and making false statements in connection with the investigation thereof.

9.  Because he had no prior criminal record, McNeil was granted Accelerated Rehabilitation by the Connecticut Superior Court.

10.  As a result, McNeil was demoted.  However, he filed a grievance and was ordered reinstated to his earlier position.

6

11.   On March 18, 2011, while off duty and not in uniform, the plaintiff stated to a fellow officer, Sergeant Gugliotti, that McNeil had made a "backroom deal" to save his own job by betraying the best interests of the members of the police union.

12.   Sergeant Gugliotti was thereafter ordered by McNeil to disclose the content of his conversation with the plaintiff and, as a result, the plaintiff was issued a written warning.

13.   Thereafter, on May 20, 2011, Captain John Popik of the Stratford Police Department threatened the plaintiff that if he filed a grievance concerning the aforesaid disciplinary warning, the department would initiate other investigations against him.

14.   The plaintiff filed a formal complaint regarding the said threat.

15.   Shortly thereafter, other disciplinary actions were taken against the plaintiff.

16.   As a result, the plaintiff has suffered economic losses and emotional distress.

17.   The actions of the defendant described above constituted retaliation against the plaintiff for exercising free speech rights secured to him by the First Amendment to the United States Constitution and by Article One, Sections Three, Four and Fourteen, of the Connecticut Constitution.

7

WHEREFORE the plaintiff claims judgment for compensatory damages, attorney fees and costs.

**The plaintiff claims trial by jury.**

THE PLAINTIFF


BY:_____/s/_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax:  203-776-9494
jrw@johnrwilliams.com
His Attorney

8