UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM JENNINGS,
    *Plaintiff*,

    v.

TOWN OF STRATFORD,
    *Defendant*.

Case No. 3:13-cv-1664 (JAM)

## JURY VERDICT FORM

We, the jury, unanimously find:

**LIABILITY QUESTIONS**

**Question #1**: Has plaintiff William Jennings proven by a preponderance of the evidence all four of the elements of his federal claim of First Amendment retaliation against defendant Town of Stratford:

> (1) that Town of Stratford is a state actor?
>    -and-
> (2) that Mr. Jennings engaged in protected speech?
>    -and-
> (3) that Mr. Jennings suffered one or more adverse employment action(s)?
>    -and-
> (4) that his protected speech was a substantial motivating factor for the one or more adverse employment action(s) that he has proved?



    **Yes** ✓    **No** ____

*If you answered "No" to Question #1, then your deliberations are complete, and the foreperson should sign, date, and return this verdict form without considering the remainder of the questions. If you answered "Yes" to Question #1, then please proceed to the next question to identify which one or ones of the adverse employment action(s) have been proven.*

**Question #2**: For which one or ones of the following alleged adverse employment actions has plaintiff William Jennings proven by a preponderance of the evidence that his protected speech was a substantial motivating factor for the Town to engage in the adverse employment action?

1. a written warning dated May 19, 2011, reprimanding him for the statements he made about Captain McNeil to Sergeant Gugliotti;

    **Yes** ✓    **No** ____

2. a threat by Captain Popik that Mr. Jennings would be subject to other investigations if he filed a grievance to appeal the written warning that he received on May 19, 2011;

   Yes ✓   No ___

3. an investigation for his alleged use of a stolen car;

   Yes ___   No ✓

4. a removal from his position with the DEA;

   Yes ✓   No ___

5. a reassignment to a detective position that was outside the Special Services (Narcotics) unit.

   Yes ___   No ✓

6. a constructive discharge from his employment with the police department.

   Yes ✓   No ___

*Please note that if you answered "Yes" to Question #1 above, then your answer to Question #2 above must be "Yes" for at least one of the alleged adverse employment actions. For only those alleged adverse employment action(s) for which you have answered "Yes" in Question #2 should you consider in Question #3 whether the Town of Stratford has proved its affirmative defense.*

**Question #3:** For any of the alleged adverse employment actions for which you have answered "Yes" in Question #2 above, has the Town of Stratford proved its affirmative defense that it would have engaged in the same alleged adverse employment action against Mr. Jennings regardless whether he engaged in protected speech?

1. a written warning dated May 17, 2011, reprimanding him for the statements he made about Captain McNeil to Sergeant Gugliotti;

   Yes ___   No ✓   Not Applicable ___

2. a threat by Captain Popik that Mr. Jennings would be subject to other investigations if he filed a grievance to appeal the written warning that he received on May 17, 2011;

   Yes ___   No ✓   Not Applicable ___

3. an investigation for his alleged use of a stolen car;

   Yes ___   No ___   Not Applicable ✓

2

4. a removal from his position with the DEA;

   Yes ____   No ✓   Not Applicable ✓

5. a reassignment to a detective position that was outside the Special Services (Narcotics) unit;

   Yes ____   No ____   Not Applicable ✓

6. a constructive discharge from his employment with the police department.

   Yes ____   No ✓   Not Applicable ____

*Your answer for each alleged adverse employment action in Question #2 above should be either "Yes" or "No" or, if as to any alleged adverse employment action that you did not find that Mr. Jennings proved his retaliation claim, then your answer should be "Not Applicable" because there is no need for you to consider the applicability of an affirmative defense as to any aspect of Mr. Jennings' claim that he may not have proved in the first instance.*

## DAMAGES QUESTIONS

*You should consider these "Damages" questions only if you have found that the Town of Stratford is liable for one or more of the adverse employment actions identified above (i.e., that Mr. Jennings has proven his claim with respect to such adverse employment action and that the Town of Stratford has not proved its affirmative defense with respect to that adverse employment action).*

**Damages Question #1:** Has plaintiff William Jennings proven by a preponderance of the evidence that he is entitled to an award of compensatory damages?

   Yes ✓   No ____

   If "Yes," what amount of compensatory damages do you award? $ 1,000,000

   If "No," what amount of nominal damages do you award? $ _____

   *Please proceed to the next question.*

**Damages Question #2:** Has plaintiff William Jennings proven by a preponderance of the evidence that he is permitted an award of punitive damages and in your discretion do you choose to award punitive damages?

   Yes ✓   No ____

   If yes, what amount of punitive damages do you award? $ 1,500,000

3

<u>*ALL YOUR ANSWERS MUST BE UNANIMOUS.*</u>

*Please double check the accuracy and consistency of your answers above and then sign and date this verdict form.*

_____/s/_____     ___9/14/16___
              Foreperson                              Date

*Please note that the signature of the Foreperson will be redacted in official court records in order to protect against public disclosure of the Foreperson's name.*

4