**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WILLIAM JENNINGS,
     *Plaintiff*,

                                    Case No. 3:13-cv-1664 (JAM)

     v.

TOWN OF STRATFORD,
     *Defendant*.

**JURY INSTRUCTIONS**

## TABLE OF CONTENTS

Introduction ....................................................................................................................... 3

**SECTION I: GENERAL INSTRUCTIONS**

Role of the Judge and Court.............................................................................................. 3

Both Sides Entitled to Full and Fair Hearing.................................................................... 4

Sympathy ........................................................................................................................... 4

Objections and Rulings ..................................................................................................... 4

Duties of the Jury .............................................................................................................. 5

Burden of Proof and Preponderance of the Evidence ....................................................... 5

**SECTION II: ISSUES IN THIS CASE**

LIABILITY ....................................................................................................................... 6

    State Action and Protected Speech ............................................................................. 7

    Adverse Employment Action...................................................................................... 7

    Causal Connection - Retaliation ................................................................................. 9

    Affirmative Defense.................................................................................................. 10

DAMAGES ...................................................................................................................... 11

    Compensatory Damages ........................................................................................... 12

    Nominal Damages..................................................................................................... 14

    Punitive Damages ..................................................................................................... 14

**SECTION III: INSTRUCTIONS FOR DELIBERATIONS**

Forms of Evidence .......................................................................................................... 16

Witness Credibility – General......................................................................................... 17

Professional Background of Certain Witnesses............................................................... 18

Impeachment of Witness.................................................................................................. 18

Uncontradicted Testimony............................................................................................... 18

Note-Taking ..................................................................................................................... 19

No Jury Bias..................................................................................................................... 19

Closing Arguments .......................................................................................................... 20

Lawyers' Arguments Are Not Evidence.......................................................................... 21

Conclusion ...................................................................................................................... 21

## INTRODUCTION

Members of the jury, you now have heard all of the evidence. At this point, I will instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully to them. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies—you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that has been given to you— namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. When you are done deliberating, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF JUDGE AND COURT

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely. If either

of the lawyers state the law differently from the way I am explaining it to you, you must follow my instructions.

## BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy for any party or person. You should be guided solely by the evidence presented during the trial.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

## OBJECTIONS AND RULINGS

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike an attorney or a party because an attorney made objections, or because an attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. You must disregard any testimony that I have stricken, because it is not evidence.

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case. In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

## BURDEN OF PROOF AND PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the plaintiff has the burden of proving every disputed part of his claims by a preponderance of the evidence, except to the extent as I will explain below that on one issue of an affirmative defense it is the defendant—not the plaintiff—who bears the burden of proof.

To establish a fact by a preponderance of the evidence, a party must prove that the fact is more likely true than not true. In other words, if you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party who has the burden of proof. However, if a party proves that a fact is more likely true than not, even slightly more true than not, then you are to find that the party has proven the fact by a preponderance of the evidence. If the party who bears the burden of proof fails to prove an issue by a preponderance of the evidence, then you must find that issue in favor of the opposing party.

5

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does <u>not</u> apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUES IN THIS CASE

I am now going to discuss the issues in this case. When discussing the issues, it is important to distinguish between what the law calls "liability" and what the law calls "damages." When I use the word "liability," I am referring to whether a defendant has breached a legal duty that was owed to a plaintiff, and thus whether a defendant should be liable at all to a plaintiff. If a defendant has not breached a legal duty owed to a plaintiff, then of course the defendant has no liability to the plaintiff and does not owe the plaintiff any money damages.

The important thing here is that you may not consider the question of damages against any defendant unless you first determine that the defendant is liable (*i.e.*, that the defendant has breached a legal duty that was owed to the plaintiff). I will instruct you on damages later. For now, please focus your attention only on the plaintiff's claims of liability against the defendant.

## LIABILITY

Mr. Jennings alleges in this case that the Town of Stratford retaliated against him for exercising his rights to free speech as protected under the federal and state constitutions. The Town of Stratford denies liability and asserts that it would have treated Mr. Jennings the same in

the absence of his protected speech. To prevail on his claim, Mr. Jennings has the burden of proving by a preponderance of the evidence the following four elements:

> (1) The Town of Stratford is a state actor;
>
> (2) Mr. Jennings engaged in protected speech;
>
> (3) Mr. Jennings suffered one or more adverse employment actions; and
>
> (4) There was a causal connection between Mr. Jennings' protected speech and one or more of the adverse employment actions.

I will now explain more about each of these four elements.

**First and Second Elements – State Action and Protected Speech**

Both parties agree that the first two elements of this claim have been satisfied and proved by plaintiff. It is undisputed that the Town of Stratford is a state actor, and that Mr. Jennings's statements concerning Captain McNeil to Sergeant Gugliotti in the parking lot of the Stratford Police Department on March 18, 2011, are constitutionally protected speech. Only the last two elements are disputed, which I will now discuss.

**Third Element - Adverse Employment Action**

Mr. Jennings' retaliation claim requires him to prove by a preponderance of the evidence that he experienced at least one or more "adverse employment actions." An "adverse employment action" means an adverse action that is taken by an employer against an employee and that is significant enough that it would deter a reasonable and similarly situated person of ordinary firmness from exercising his or her constitutional rights to free speech. Some examples of adverse employment actions may include a formal reprimand, a demotion, a reduction in pay, or an actual or constructive discharge from employment, if you conclude that such action—if

imposed in order to retaliate against free speech—would deter a reasonable and similarly situated individual of ordinary firmness from exercising his or her constitutional rights to free speech.

Mr. Jennings claims that he was subject by the Town of Stratford to the following alleged adverse employment actions resulting from his exercise of his rights to free speech:

1. a written warning dated May 19, 2011, reprimanding him for the statements he made about Captain McNeil to Sergeant Gugliotti;

2. a threat by Captain Popik that Mr. Jennings would be subject to other investigations if he filed a grievance to appeal the written warning that he received on May 19, 2011;

3. an investigation for his alleged use of a stolen car;

4. a removal from his position with the DEA;

5. a reassignment to a detective position that was outside the Special Services (Narcotics) unit; and

6. a constructive discharge from his employment with the police department.

Mr. Jennings need not prove that all of these alleged actions above were adverse employment actions, and you will see from the verdict form that you will be required to indicate which, if any, of these alleged actions constitute an adverse employment action.

With respect solely to Mr. Jennings' claim that he was constructively discharged from his employment with the police department, Mr. Jennings admits that he retired from the police department but has claimed that the cumulative effect of one or more of the actions stated above led to his decision to retire early from his career with the police department. In other words, he claims that he was constructively discharged (as opposed to actually discharged) from his employment with the police department.

You may only conclude that Mr. Jennings was constructively discharged by the Town of Stratford if you conclude that Mr. Jennings has shown, by a preponderance of the evidence, that the Town of Stratford deliberately made his working conditions so intolerable that he was forced to involuntarily resign. In other words, a constructive discharge occurs only if a reasonable person in Mr. Jennings' shoes would have felt compelled by the Town of Stratford's unconstitutional conduct to resign under all the circumstances as presented here. You must consider not simply whether Mr. Jennings personally felt that he must resign as a result of the Town of Stratford's unconstitutional conduct but, again, whether a reasonable person in Mr. Jennings' shoes would have felt compelled to resign. That Mr. Jennings may have merely preferred not to continue working for the Town, or may not have liked to work in unpleasant or difficult conditions is not enough to establish a constructive discharge if a reasonable person would not have felt the conditions to be so intolerable that he must resign. In determining whether Mr. Jennings was forced to resign, you may also consider whether Mr. Jennings had any reasonable alternatives to resignation, such as resort to the grievance procedures set forth in his collective bargaining agreement, to redress the actions he claims were intolerable.

**Fourth Element - Causal Connection - Retaliation**

Mr. Jennings must prove, by a preponderance of the evidence, that there was a causal connection between his protected speech on March 18, 2011, and any of the claimed adverse employment actions. Thus, Mr. Jennings must show that his statements about Captain McNeil on March 18, 2011, were a substantial motivating factor for one or more of the Town of Stratford's adverse employment action(s) against him. Mr. Jennings need not prove that his protected speech was the only reason for any decision to take one or more adverse employment actions against him, but he most prove that his protected speech was at least a substantial motivating factor (*i.e.,*

9

that it played a substantial role in any decision of the Town to engage in an adverse employment action against Mr. Jennings).

Mr. Jennings may prove what motivated the Town by means of direct or circumstantial evidence in light of all the facts of this case. Please keep in mind, however, that your focus must be on whether the Town acted for reasons having to do with retaliating against free speech. Other than deciding if the Town acted for constitutionally impermissible reasons, your job is not to second-guess the wisdom or fairness of how the Town treated Mr. Jennings during his years of service with the police department.

### Affirmative Defense – Whether the Town Would Have Treated Mr. Jennings the Same If He Had Not Engaged in Protected Speech

Now, the Town of Stratford has advanced an affirmative defense to Mr. Jennings's claim: it argues that it would have engaged in each of the same allegedly adverse action(s) against Mr. Jennings regardless whether he engaged in protected speech. For this affirmative defense, it is the Town—not Mr. Jennings—that bears the burden to prove the defense by a preponderance of the evidence. Moreover, you should consider this defense only in the event that you conclude in the first place that Mr. Jennings has proven each of the four elements of his claim of retaliation with respect to any of the alleged adverse employment actions as described above.

For any particular adverse employment action for which you have concluded in accordance with my instructions above that Mr. Jennings has proven his claim of retaliation, you should then consider if the Town of Stratford has in turn proven by a preponderance of the evidence that it would have treated Mr. Jennings the same with respect to such adverse employment action regardless of Mr. Jennings' exercise of his right to engage in protected speech. If so, then your verdict must be for the Town of Stratford with respect to that claimed adverse employment action.

10

\* \* \*

That concludes the instructions with respect to liability. Remember that you must first determine whether Mr. Jennings has proven each of the elements of his claim of retaliation with respect to any of the adverse employment actions at issue here (see Questions #1 and #2 on the Jury Verdict Form) and, if you find that Mr. Jennings has carried his burden, then you should consider if the Town of Stratford has proven its affirmative defense for only those adverse employment actions you found proved (see Question #3 on the Jury Verdict Form).

## DAMAGES

I will now instruct you on the issue of damages. If—and only if—you conclude that Mr. Jennings has proven that the Town of Stratford is liable for any of the alleged adverse employment actions (and that the Town of Stratford has not proven its affirmative defense as to any such adverse employment action), then you must decide how much, if any, in money damages to award Mr. Jennings for injuries caused by the unlawful conduct you found proved. You should not interpret the fact that I am providing you with instructions about how to calculate damages as an indication that I believe Mr. Jennings has or has not proven any of his claims.

You should award damages only for those injuries that you find Mr. Jennings has proven by a preponderance of the evidence to have been proximately caused by conduct of the Town of Stratford that violated Mr. Jennings's constitutional rights. An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about a plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts or omissions.

Mr. Jennings must show that his injuries or damage sustained would not have occurred without the unconstitutional conduct of the Town of Stratford. If an injury was a direct or reasonably probable consequence of an act or omission of the Town of Stratford, then it was

11

proximately caused by the Town of Stratford's act or omission. In other words, if the Town of Stratford's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission was a proximate cause.

You should apply sound judgment and common sense in reaching the proper amount of damages. It is for you, in the exercise of your best judgment, to say what is just and fair compensation. When assessing damages, there is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. The burden is on Mr. Jennings to prove by a preponderance of the evidence each element and item of damage he claims. It is not the Town of Stratford's burden to disprove them. You should award damages only for those injuries that you find were the direct result of any of the Town of Stratford's actions to the date of trial.

Now there are three categories of damages for you to consider if you decide to award damages in this case: (1) compensatory damages for economic and/or emotional harm, (2) nominal damages, and (3) punitive damages. I will describe each of these in turn.

**Compensatory Damages**

Compensatory damages means the amount of money that will fairly and reasonably compensate Mr. Jennings for injuries he proves were proximately caused by the Town of Stratford's unlawful conduct. Compensatory damages represent a sum of money that will make the plaintiff whole, that is, compensate him for the damage suffered. Mr. Jennings is not required to prove losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your determination of compensatory damages is to be what you find to be reasonable in light of the evidence in this case.

Included within your damages calculation should be compensation for any economic injuries suffered by Mr. Jennings for which the Town of Stratford should be liable. If you conclude that Mr. Jennings was constructively discharged (as I have explained that term in the "Liability" section above), Mr. Jennings claims as economic injuries lost wages and benefits since leaving his employment with the Town of Stratford, and he asks you to take into consideration any increases in salary and benefits, including pension, that he would have received had he not retired early. If you determine that Mr. Jennings has proven by a preponderance of the evidence that the Town of Stratford's unconstitutional conduct caused Mr. Jennings to lose wages and benefits, you may award him damages for these lost wages and benefits. If you do not conclude that Mr. Jennings was constructively discharged, you may not consider his economic injuries of lost wages and benefits since leaving his employment.

Also included within your damages calculation if you decide to award damages should be consideration of whether it is appropriate to award compensation for any non-economic injuries of emotional distress and suffering, humiliation, personal indignity, fear, anxiety, and anguish. If you determine that Mr. Jennings has proven by a preponderance of the evidence that he experienced these non-economic injuries, you may award him damages for those injuries. No evidence of the monetary value of such intangible things has been introduced. The monetary value of these intangible non-economic losses claimed is not able to be measured by any fixed standard, and it is up to you to fix the award of reasonable compensation to be awarded for any such injuries based on all the evidence presented to you in this trial.

Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial, and only on that evidence. All injuries are to be fully and fairly compensated if proved to have been proximately caused by unlawful conduct, and you

should award money damages to the extent that such loss can be reasonably quantified to reflect the nature or extent of actual loss or injury sustained. You should apply sound judgment and common sense in reaching the proper amount of damages. The damages that you award must be fair and reasonable, neither inadequate nor excessive.

**Nominal Damages**

As an alternative to an award of compensatory damages, you may consider an award of nominal damages. If you find the Town of Stratford violated Mr. Jennings's constitutional rights but find that Mr. Jennings has failed to prove any economic or non-economic injury, then you must award Mr. Jennings nominal damages. You may not award both nominal and compensatory damages to Mr. Jennings.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no economic or non-economic damage as a natural consequence of that deprivation. This is because the fact that a constitutional deprivation occurred is itself an injury to the person entitled to enjoy that constitutional right, even if no actual damages flow from deprivation of that right. Therefore, if you find that Mr. Jennings proved no economic or emotional injury as a result of the Town of Stratford's conduct other than a constitutional deprivation, you must award nominal damages in an amount not to exceed $10.

**Punitive Damages**

If you find that the Town of Stratford violated Mr. Jennings's constitutional rights and award Mr. Jennings either compensatory or nominal damages, you may also, in your discretion, award punitive damages if you find that Mr. Jennings has proved that they are warranted under the standards I will describe. Punitive damages are awarded not to compensate a plaintiff for an

injury but to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like it from committing such conduct in the future.

You may award Mr. Jennings punitive damages if you find that the acts or omissions of the Town of Stratford reveal a reckless indifference to the rights of others, maliciousness, or an intentional and wanton violation of those rights. An act or omission is malicious if it is prompted by ill will or spite towards Mr. Jennings. An act or omission is wanton if done in a reckless or callous disregard of, or indifference to, the rights of Mr. Jennings. Recklessness is a state of consciousness with reference to the consequences of one's acts, but to find it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Mr. Jennings has the burden of proving, by a preponderance of the evidence, that the Town of Stratford acted maliciously, wantonly, or recklessly with regard to his rights.

If you find by a preponderance of the evidence that Town of Stratford acted with malicious intent to violate Mr. Jennings's constitutional rights or unlawfully injure him or that Town of Stratford acted with a callous or reckless disregard of Mr. Jennings's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide in your discretion whether to award punitive damages or not to award them.

In exercising your discretion, you should consider the underlying purpose of punitive damages: to punish a defendant for outrageous conduct or to deter the defendant and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages and the amount of that punitive damages award, you should consider whether the Town of

Stratford may be adequately punished by a compensatory damages award, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the Town's wrongful conduct. You should also consider whether the damages award is likely to deter or prevent the Town of Stratford from again performing any such wrongful acts, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the Town of Stratford may have committed.

The extent to which a particular sum of money will adequately punish the Town of Stratford, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the Town of Stratford against whom damages are awarded. Therefore, if you find that punitive damages should be awarded against the Town of Stratford, you may consider the financial resources of the Town of Stratford in fixing the amount of such damages.

## SECTION III: INSTRUCTIONS FOR DELIBERATIONS

### FORMS OF EVIDENCE

As I advised you at the beginning of this trial, the only evidence in this case is the evidence that was presented by means of witness testimony and documentary exhibits that were introduced during trial. The lawyer's questions, statements, and arguments are not evidence. There are two types of evidence that you may properly use in reaching your verdict: direct and circumstantial evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

16

## WITNESS CREDIBILITY – GENERAL

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

## PROFESSIONAL BACKGROUND OF CERTAIN WITNESSES

You heard testimony from numerous police officers. Every witness who appears before you is entitled to equal consideration. Although you may consider a witness's professional background along with other factors as part of your evaluation of the credibility of the witness, you should not place undue weight on a witness's professional background or credentials. You should not presume a witness to be credible simply because of the professional background or credentials of the witness.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact

occurred.

## NOTE-TAKING

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

## NO JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties. Similarly, it would be wrong for you to allow feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. Similarly, it would be wrong for you to allow feelings you might have about the

nature of the claims against the defendant to influence you in any way. Each of the parties to this case must be regarded as an equal by you.

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations.

***[BREAK FOR CLOSING ARGUMENTS]***

**LAWYERS' ARGUMENTS ARE NOT EVIDENCE**

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence. The lawyers merely presented their arguments about what they contend that the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

**CONCLUSION**

Your verdict must be unanimous for each of the findings indicated on the jury verdict form given to you. Your verdict should represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased; rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the

verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only that question. As you review the form, you will see that there are instructions after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The instructions will guide you through the verdict form. Finally, make sure that you are consistent in your responses to different questions.

When you go into the jury room to begin your deliberations, you will have exhibits with you, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. Reading the testimony is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the courtroom deputy or a marshal. I will respond to your request as promptly as possible either in writing or by having you

return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the internet, e-mail, texting, etc. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly and without any prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict. Thank you for your attention.